## Case No. 12,240a.

### ST. LOUIS STAMPING CO. v. QUINBY et al.

[5 Ban. & A. 275; [1] 18 O. G. 571.]

Circuit Court, E. D. Missouri. March 15, 1880.

PATENTS— ACCOUNTING — PROFITS — CORPORATIONS —PERSONAL LIABILITY OF CORPORATORS.

1. Where, upon an accounting before the master, no profits were proved to have been made by the defendants, the complainant cannot recover, as damages, the profits which it would have made on the articles sold by the defendants.

2. Remarks by the court on the personal liability of the corporators of private corporations incorporated under the state statute of Missouri, for acts of infringement by the corporation.

[Cited in Mergenthaler Linotype Co. v. Ridder, 65 Fed. 854.]

In equity. The defendants [E. C. Quinby and others] were stockholders of a corporation. The infringement consisted in making and selling an article of manufacture. St. Louis Stamping Co. v. Quinby [Case No. 12,-240]. It appeared that defendants had made no profit by such manufacture. The complainant contended that it was entitled to recover, as damages, the profits it would have made on the articles sold by the defendants, but offered no other proof as to damages. It was also contended that the defendants were liable jointly and severally for such damages. The master, in his report, negatived both of these propositions, and the following opinion was delivered upon the case coming up on exceptions to the master's report.

S. S. Boyd, for complainant.

Overall & Judson, for defendants.

TREAT, District Judge. The exceptions involve many interesting propositions, some of which, conclusive as to the matters before the court, might, if to be ruled upon de novo, be held otherwise than as in decided cases. Inasmuch as the United States supreme court has, in repeated cases, laid down the rule of damages to be the same as the master has followed, the exceptions to his report must be overruled.

In thus ruling on the exceptions, I wish it understood that I do not assent to the proposition that, if a few persons form themselves into a corporation under the Missouri statute, the business of which is a necessary infringement of a patent, they can escape individual liability for the acts done in the corporate name. The Missouri statute as to private corporations, and the formation of corporations thereunder, cannot be interposed as a shield by the corporators to protect them against wrongful acts. Were this otherwise, then the organization of an insolvent or worthless corporation, in whose name the wrong was done,

would enable infringers to destroy the value of a patent, and escape harmless.

I pass upon the case as presented; and as no profits or actual damages have been proved, within prescribed rules, the exceptions are overruled.